UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                              Docket No.: _____

                    Plaintiff,                                      **COMPLAINT**

    v.

BOGOPA LIC, INC. D/B/A FOOD BAZAAR
SUPERMARKET, WJ CITRUS CORP.,
and HAROLD NICKELSON
                    Defendants.
------------------------------------------------------------X

## COMPLAINT

Plaintiff by its attorneys, Rivkin Radler LLP, for its complaint against the defendants, hereby alleges as follows:

1. This is a declaratory judgment action under 28 U.S.C. §2201. By this action, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") seeks a declaration that it (1) may withdraw from the defense of defendants Bogopa LIC, Inc. ("Bogopa") and Food Bazaar Supermarket ("Food Bazaar") in an underlying action, and (2) has no duty to indemnify them in that action, because the underlying action does not come within the scope of the coverage of the policy that State Farm issued.

## PARTIES

2. State Farm is an insurance company, duly incorporated under the laws of the State of Illinois, with its principal place of business located at One State Farm Plaza Bloomington, Illinois 61710. At all relevant times, State Farm was authorized to issue and sell insurance policies in the State of New York.

3. Upon information and belief, Bogopa is a corporation duly incorporated under the laws of the State of New York with its principal place of business at 33-02 Skillman Avenue, Long Island City, County of Queens, New York 11101.

4. Upon information and belief, Bogopa is doing business as defendant Food Bazaar.

5. Upon information and belief, defendant WJ Citrus Corp. ("Citrus") is a corporation duly incorporated under the laws of the State of New York with its principal place of business at 2150 163rd Street, Whitestone, County of Queens, New York 11357-4038.

6. Upon information and belief, defendant Harold Nickelson ("Nickelson") is a resident of Freeport, New York, residing at 150 Putnam Avenue, Freeport, NY 11520.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) because (1) upon information and belief, the amount in controversy exceeds $75,000 exclusive of interest and costs; and (2) complete diversity exists between Plaintiff and all Defendants.

8. Venue in this District is proper pursuant to 28 U.S.C. §§1391(a)(1) and 1391(a)(2), as a substantial part of the events giving rise to the claim occurred in the Eastern District of New York, and all Defendants reside in this District.

## UNDERLYING FACTS

9. On or about November 1, 2021, Nickelson was an employee of Citrus.

10. On or about November 1, 2021, as Nickelson was engaged in his duties as an employee of Citrus, Nickelson was unloading produce from a truck owned and/or operated by Citrus onto the loading dock of a facility owned and/or operated by Bogopa, located at 42-02 Northern Boulevard, Long Island City, County of Queens, New York.

11. As Nickelson was so engaged, he attempted to pull a metal flap which extended from Bogopa's loading dock over to the truck, so as to be able to unload Citrus' products.

12. The edge of the flap became stuck, and Nickelson held it while another individual attempted to push the flap down.

13. The flap then became disconnected and fell on Nickelson's feet, causing him to sustain bodily injury.

14. On or about June 6, 2022, Nickelson commenced an action against Bogopa and Food Bazaar entitled *Nickelson v. Bogopa LIC, Inc., et al.*, No. 711887/2022 (Sup. Ct. Queens Cty.) ("Nickelson Action"). The complaint in the Nickelson Action is attached as Exhibit A. By this action, Nickelson sought damages for the bodily injury that he allegedly sustained as a result of the aforementioned accident.

15. By letter of October 28, 2022, Bogopa and Food Bazaar demanded that State Farm defend them in the Nickelson Action, pursuant to an Independent Contractor Agreement, which is described in greater detail below.

16. On or about November 17, 2022, State Farm agreed to defend Bogopa and Food Bazaar in the Nickelson Action, pursuant to a comprehensive reservation of rights. State Farm assigned the firm Rubin Fiorella & Friedman LLP ("RFF") to defend Bogopa and Food Bazaar in the Nickelson Action. RFF continues to defend Bogopa and Food Bazaar in the Nickelson Action to this date.

## INDEPENDENT CONTRACTOR AGREEMENT

17. Bogopa Service Corp., which is a legal entity distinct from Bogopa (which is Bogopa LIC, Inc.), and Citrus entered into an Independent Contractor Agreement ("Agreement"). The Agreement is attached as Exhibit B. The Agreement is undated.

3

18. Citrus is defined in the Agreement as "Contractor." It is not defined as "Consultant."

19. The duties of Citrus, as Contractor, under the Agreement are specified in paragraph 2 and Schedule A of the Agreement. Those duties include "provid[ing] consulting services to cover all aspects of GD Citrus, Inc.'s merchandising system" and other services relating to GD Citrus. Those duties do not relate to unloading produce from a truck owned and/or operated by Citrus (i.e. WJ Citrus) onto the loading dock of a facility owned and/or operated by Bogopa.

20. Paragraph 5 of the undated Agreement provides, in pertinent part, as follows:

> Consultant agrees to indemnify, defend and hold harmless Bogopa… from and against any and all claims… or judgments… arising directly or indirectly out of or pursuant the terms of this Agreement. To the fullest extent permitted by law and at any time and all times under this Agreement, such indemnification shall apply regardless of fault, active or passive negligence, breach of warranty or contract, or strict liability of Consultant. This indemnification shall not apply to claims, damages, losses or expenses which are finally determined to result solely from the negligence or willful misconduct of Bogopa.

21. There is no reference to Food Bazaar in the Agreement.

22. Upon information and belief, Bogopa has taken the position that, pursuant to the undated Agreement, Citrus must defend Bogopa and Food Bazaar against the Nickelson Action.

## INSURANCE

23. State Farm issued, to Citrus as Named Insured, Policy No. 2676750-B12-32 ("the Policy"). The Policy was in effect from August 12, 2021 until August 12, 2022 and provided, among other coverages, automobile liability coverage for bodily injury in the amount of $1 million per person and $1 million each accident. The pertinent portions of the Policy are attached as Exhibit C.

24. Neither Bogopa nor Food Bazaar are insureds or additional insureds under the Policy.

25. The Insuring Agreement of the Policy provides:

    1. *We* will pay damages an *insured* becomes legally liable to pay because of:

        a. *bodily injury* to others; and

        b. damage to property

    caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

    2. *We* have:

        a. the right to investigate, negotiate and settle any claim or lawsuit;

        b. the duty to defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

        c. the right to appeal any award or legal decision

    for damages payable under this policy's Liability Coverage.

26. Bogopa has asked State Farm to defend and indemnify it and Food Bazaar in the Nickelson Action on the basis of their belief, which State Farm denies, that (1) the Nickelson Action is within the scope of coverage of the Policy and (2) the undated Agreement imposes upon Citrus an obligation to defend and indemnify Bogopa in that action.

27. Therefore, if there is no coverage for Citrus in the Nickelson Action under the Policy, State Farm has no duty to defend or indemnify Bogopa or Food Market in the Nickelson Action.

28. For the reasons stated below, there is no coverage for Citrus in the Nickelson Action under the Policy. Therefore, State Farm has no duty to defend or indemnify Bogopa or Food Market in the Nickelson Action.

## FIRST CAUSE OF ACTION

29. State Farm repeats paragraphs 1 through 28.

30. The Agreement requires Citrus to defend and indemnify Bogopa against claims "arising directly or indirectly out of or pursuant the terms of this Agreement."

31. The Agreement applies to "provid[ing] consulting services to cover all aspects of GD Citrus, Inc.'s merchandising system" and other services relating to GD Citrus. Those duties do not relate to unloading produce from a truck owned and/or operated by Citrus (i.e. WJ Citrus) onto the loading dock of a facility owned and/or operated by Bogopa. The Nickelson Action does not arise out of the terms of the Agreement.

32. The Agreement does not require Citrus to defend or indemnify Bogopa or Food Market against the Nickelson Action. Therefore, State Farm has no obligation to defend or indemnify Bogopa or Food Market in the Nickelson Action.

## SECOND CAUSE OF ACTION

33. State Farm repeats paragraphs 1 through 32.

34. The Agreement requires "Consultant" to defend or indemnify Bogopa or Food Market against certain claims. Citrus is not "Consultant."

35. The Agreement does not require Citrus to defend or indemnify Bogopa or Food Market against the Nickelson Action. Therefore, State Farm has no obligation to defend or indemnify Bogopa or Food Market in the Nickelson Action.

## THIRD CAUSE OF ACTION

36. State Farm repeats paragraphs 1 through 35.

37. The Agreement is between Bogopa Service Corp. and Citrus. Bogopa (that is, Bogopa LIC, Inc.) is not a party to the Agreement. The Agreement therefore bestows no rights upon Bogopa, and under no circumstances does the Agreement require Citrus to defend Bogopa.

38. The Agreement does not require Citrus to defend or indemnify Bogopa or Food Market against the Nickelson Action.  Therefore, State Farm has no obligation to defend or indemnify Bogopa or Food Market in the Nickelson Action.

## FOURTH CAUSE OF ACTION

39. State Farm repeats paragraphs 1 through 38.

40. Food Market is not mentioned in, and has no rights under, the Agreement.

41. The Agreement does not require Citrus to defend or indemnify Food Market against the Nickelson Action.  Therefore, State Farm has no obligation to defend or indemnify Food Market in the Nickelson Action.

## FIFTH CAUSE OF ACTION

42. State Farm repeats paragraphs 1 through 41.

43. The liability part of the Policy provides:

> THERE IS NO COVERAGE FOR AN INSURED:…
>
> 4.  FOR BODILY INJURY TO THAT INSURED'S EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT.  This exclusion does not apply to that insured's household employee who is neither covered, nor required to be covered, under workers' compensation insurance….

44. At all pertinent times, Nickelson was an employee of Citrus, which is an insured, and his injuries arose out of his employment.  Therefore, this exclusion excludes coverage for Citrus for the Nickelson Action under the Policy, and so State Farm has no duty to defend Bogopa or Food Market in the Nickelson Action.

## SIXTH CAUSE OF ACTION

45. State Farm repeats paragraphs 1 through 44.

46. The liability part of the Policy provides:

7

>THERE IS NO COVERAGE FOR AN INSURED:…
>
>7. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT. This exclusion does not apply to liability assumed under an *insured contract*, provided that such contract or agreement was signed prior to the accident which caused the *bodily injury* or damage to property.

47. Citrus's obligation, if any, to defend Bogopa or Food Market in the Nickelson Action was assumed under a contract or agreement, specifically, the Agreement. The Agreement, even assuming it is an insured contract, may not have been signed prior to the accident which caused the bodily injury to Nickelson. Therefore, this exclusion may exclude coverage for the Nickelson Action under the Policy, and so State Farm has no duty to defend Bogopa or Food Market in the Nickelson Action.

## SEVENTH CAUSE OF ACTION

48. State Farm repeats paragraphs 1 through 47.

49. There is no coverage for damages for which Nickelson is entitled to benefits payable either under any Workers Compensation Law, Unemployment Compensation or Disability Benefits law, or similar law.

## EIGHTH CAUSE OF ACTION

50. State Farm repeats paragraphs 1 through 49.

51. There is no coverage to the extent other collectible insurance is applicable in whole or in part.

## PRAYER FOR RELIEF

**WHEREFORE,** State Farm requests that this Court enter a judgment declaring:

>A. State Farm has no duty to defend Bogopa or Food Market in the Nickelson Action.

    B. State Farm has no duty to indemnify Bogopa or Food Market in the Nickelson Action.

    C. Any other relief which to this Court seems just and proper.

Dated: Uniondale, New York
       October 16, 2023

                                          /s/ M. Paul Gorfinkel
                                          RIVKIN RADLER LLP
                                          M. Paul Gorfinkel, Esq. (MPG 2069)
                                          926 RXR Plaza
                                          Uniondale, New York 11556-0926
                                          (516) 357-3000

                                          Attorneys for Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY